1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9  JIANGMEN KINWAI FURNITURE                    )
      DECORATION CO. LTD, *et al.*,              )        2:15-cv-01419-JCM-CWH
10                                               )
                    Plaintiff,                   )        **ORDER**
11                                               )
      vs.                                        )
12                                               )
      KINWAI USA INC., *et al.*,                 )
13                                               )
                    Defendant.                   )
14  _____          )

15        This matter is before the Court on Defendants' motion to stay discovery (doc. # 37), filed

16  October 26, 2015, Plaintiffs' response (doc. # 40), filed November 12, 2015, and Defendants' reply

17  (doc. # 41), filed November 23, 2015.  Also before the Court is Plaintiffs' proposed discovery plan

18  and scheduling order (doc. # 34), filed October 12, 2015.

19  **1.      Motion to Stay (doc. # 40)**

20        Defendants ask the Court to stay discovery, as this action is duplicative of another action in

21  the U.S. District Court, Middle District of North Carolina ("North Carolina litigation").  Defendants

22  explain that the lawsuit before the North Carolina court involves the same operative facts, with

23  Plaintiffs even conceding that they filed the instant lawsuit to avoid adverse rulings in the North

24  Carolina litigation.  Defendants also point out that the North Carolina court has already entered

25  summary judgment in favor of Defendants' affiliate, ruling that it did not breach the lease in dispute.

26  Moreover, Defendants point out that the contract underlying both actions has a forum selection

27  clause that specifies North Carolina as the proper forum for disputes arising from the High Point

28  Lease at issue.  Defendants further point out that trial in the North Carolina litigation is scheduled

1   in January 2016.  By staying the instant action, per Defendants, fairness would be served, while

2   saving Defendants from increased litigation expenses.

3        Plaintiffs, in response, argue that Defendants' motion is "frivolous" because:  (1) the instant

4   action "does not circumvent" the North Carolina court's ruling regarding filing a new action in

5   which "new" claims and parties are involved, (2) none of the defendants overlap in the two actions,

6   (3) Plaintiff Kinwai China no longer has any claims pending before the North Carolina court,

7   (4) Plaintiffs have Nevada law claims that would survive  Defendants' pending motion to dismiss

8   (doc. # 33), (5) Defendants' affiliate has no standing to ask a court to enjoin an action against third

9   parties in another district, and the North Carolina court has no jurisdiction to consider such a motion,

10  and (6) claim preclusion would not apply because defendants are not the same in both actions.

11       In reply, Defendants restate their earlier assertions.  Defendants also contend that Plaintiffs'

12  suggestion that "new" factual developments exist in this case is unsupported and incorrect.

13  Defendants then contend that Plaintiffs appear to argue that because a motion for summary ("MSJ")

14  judgment order was entered in the North Carolina litigation, there are no pending claims in North

15  Carolina that would affect the action before this Court.  However, per Defendants, trial is scheduled

16  in January 2016, which renders the MSJ order interlocutory and not final at this time.  Defendants

17  then contend that the North Carolina court's holding that Defendants' affiliate did not breach the

18  lease should be given conclusive effect when it becomes final.  Defendant add that the affiliate's

19  standing is not properly before this Court, and Plaintiffs are "disingenuous" in arguing that the

20  choice of venue provision in the subject lease is inapplicable.

21       Courts have broad discretionary power to control discovery including the decision to allow

22  or deny discovery.  See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v.

23  North American Co., 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power

24  inherent in every court to control the disposition of the causes of action on its docket with economy

25  of time and effort for itself, for counsel, and for litigants."  Landis, 299 U.S. at 254.  In exercising

26  its discretion, the court must consider factors like, "wise judicial administration, giving regard to

27  conservation of judicial resources and comprehensive disposition of litigation."  Colorado River

28  Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976).

1   An overly lenient standard for granting a motion to stay would result in unnecessary delay

2   in many cases.  That discovery may involve inconvenience and expense is not sufficient to support

3   a stay of discovery.  Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D.

4   Nev. 1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a

5   plaintiff will be unable to state a claim for relief.  See Tradebay, 278 F.R.D. at 603; see also Wood

6   v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).  Ultimately, the party seeking the stay

7   "carries the heavy burden of making a 'strong showing' why discovery should be denied."

8   Tradebay, 278 F.R.D. at 601 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).

9   Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair

10  possibility that the stay... will work damage to someone else."  Dependable Highway Express, Inc.

11  v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, the court must balance

12  the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer

13  in being required to go forward."  Lockyer v. State of California, 398 F.3d 1098, 1110 (9th Cir.

14  2005).

15  The Court finds that Defendants have made the strong showing necessary to support a stay

16  of discovery that would promote efficiency and justice in this case.  Defendants have alleged that

17  the North Carolina litigation is ongoing, with trial scheduled in January 2016.  The Court finds that

18  a stay of discovery is warranted, not only to promote justice and fairness, but to promote efficiency

19  by narrowing the scope of discovery in this action because the North Carolina trial could resolve

20  issues that are also disputed in this action.  Furthermore, the Court finds that Plaintiffs will not be

21  prejudiced because they will have an opportunity to conduct discovery after the stay.  As such, the

22  Court grants Defendants' motion.

23  **2.      Proposed Discovery Plan and Scheduling Order (doc. # 34)**

24  Because the Court grants Defendants' motion to stay (doc. # 40), Plaintiff's proposed

25  discovery plan (doc. # 34) is denied as moot.

26  //

27

28  [1] As noted in Tradebay, LLC v. eBay, Inc., "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. 597, 603 (D. Nev. 2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to stay discovery (doc. # 37) is **granted**.

**IT IS FURTHER ORDERED** that  Plaintiffs' proposed discovery plan and scheduling order (doc. # 34) is **denied as moot**.

**IT IS FURTHER ORDERED** that discovery shall be stayed in this action until trial is complete in the North Carolina litigation.

**IT IS FURTHER ORDERED** that the parties shall **file** a joint status report **within ten (10) days** of completion of trial in the North Carolina litigation.

DATED:  December 9, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**