UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JHANGMEN KINWAI FURNITURE DECORATION CO. LTD, KINWAI USA INC., <br><br>Plaintiff(s), <br><br> v. <br><br> INTERNATIONAL MARKET CENTERS, INC., et al., <br><br> Defendant(s). | Case No. 2:15-CV-1419 JCM (PAL) <br><br> ORDER |

Presently before the court is defendants International Market Centers, LP; IMC Manage LLC; IMC OP, LP, International Market Center, Inc., and WMCV Phase 2 LLC's motion to dismiss the amended complaint or in the alternative motion to transfer venue. (Doc. # 33). Plaintiffs Jiangmen Kinwai Furniture Decoration Co. and Kinwai USA filed a response in opposition, (doc. # 36), and defendants filed a reply. (Doc. # 38).

Also before the court is defendants' first motion to dismiss. (Doc. # 21). Plaintiffs did not file a response but instead filed an amended complaint. (Doc. # 27).

**I.       Background**

In October 2012, plaintiff Jiangmen Kinwai Furniture Decoration Co. ("Jiangmen") and defendant IHFC Properties entered into a lease for showroom space in High Point, North Carolina (the "High Point lease"). (Doc. #33). Jiangmen manufactures and sells furniture and entered into the High Point lease to participate in the High Point Furniture Market, the largest furnishings trade show in the world. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

The only parties to the High Point lease are Jiangmen and IHFC Properties. In the instant action, plaintiffs claim the IHFC Properties breached its lease in August 2014 when it relocated Jiangmen to a different showroom prior to the fall 2014 furniture show. (Doc. #27). Plaintiffs also allege that defendants did not provide Jiangmen adequate time to refit the new showroom and that Jiangmen's furniture was damaged in the process of transporting the furniture to the new showroom location. Plaintiffs further allege that defendants' actions were motivated by a desire to benefit Jiangmen's competitor, Zuo Modern Contemporary, Inc. (Doc. #27).

The High Point lease is also currently under dispute and being litigated in the U.S. District Court for the Middle District of North Carolina. *Jiangmen Kinwai Furniture v. IHFC Properties et al.*, Case No. 1:14-CV-00689 (M.D.N.C. Aug. 14, 2014). Plaintiff Jiangmen moved to amend its complaint in the North Carolina action to include additional facts and join International Market Centers, LP and International Market Centers, Inc. as defendants. (*See* Doc. #33, Exh. C). The court granted Jiangmen's request to add additional facts but denied the request to join affiliated entities of IHFC Properties as defendants because it found that Jiangmen failed to adequately state a claim for liability or show that the affiliates committed any of the alleged torts. (Doc. #33, Exh. E). Jiangmen ignored the court's orders and filed the amended complaint with additional defendants, which was then struck from the record. (Doc. #33, Exh. G).

Several of Jiangmen's litigation tactics have come under fire in the North Carolina proceedings. (Doc. #33). Jiangmen sought discovery regarding the IHFC Properties that plaintiffs are again suing in this case. During the discovery process, the North Carolina court found that Jiangmen was acting in bad faith with the purpose of harassing IHFC Properties. (Doc. #33, Exh. I). The North Carolina court granted summary judgment in favor of IHFC Properties finding that the IHFC Properties did not breach the terms of the High Point lease when it relocated Jiangmen to a different showroom. (Doc. # 38, Exh. L). Summary judgment was also entered in IHFC Properties favor on Jiangmen's claims for constructive eviction, breach of duty of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and civil conspiracy. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

- 2 -

Independent of the High Point lease dispute, plaintiffs also assert two claims against World Market Center and its affiliates. Plaintiff Kinwai USA, Inc. ("Kinwai"), an affiliate of Jiangmen, entered into a lease for space in the World Market Center in Las Vegas, NV (the "Las Vegas lease"). The Las Vegas lease was between Kinwai and WMCV Phase 2, LLC ("WCMV"). (Doc. #27). Plaintiffs allege that WCMV refused to renew its lease with Kinwai because of the pending North Carolina litigation and thus engaged in unfair and deceptive trade practices and breached the covenant of good faith and fair dealing. (*Id.*).

Based on this procedural history, defendant has filed the instant motion to dismiss or, in the alternative, motion to transfer venue. (Doc. # 33).

## II. Legal Standard

*a. First-to-file rule*

The "first-to-file" rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of Calif. v. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979)); *see also Olin Corp. v. Cont'l Cas. Co.*, 2011 WL 1337407, *2 (D. Nev. April 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").

Generally, sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the lawsuit and a second action would not serve any purpose. *Id.* However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied but rather is to be applied with a view to the dictates of sound judicial administration. *Id.* The purpose of the rule is to promote efficiency and to avoid duplicative litigation, and, thus, it should not be lightly disregarded. *Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 625 (9th Cir.1991).

When applying the first-to-file rule, courts look to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."

*Global Experience Specialists, Inc. v. Cunniffe*, 2:14-cv-00421-JCM-NJK, 2014 WL 3748931, *4 (D. Nev. July 30, 2014) (quoting *Nesbit v. Fornaro,* 2011 WL 1869917, *2 (D. Nev. March 31, 2011)). "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Id.* (quoting *Nesbit,* 2011 WL 1869917 at *3). Likewise, the sameness requirement does not mandate that the two actions be identical; it is satisfied if they are sufficiently similar. *Id.*

Even if the threshold factors of the first-to-file rule are satisfied, the district court retains discretion to disregard the rule in the interests of equity. *Alltrade*, 946 F.2d at 622, 625. The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping. *Id.* at 628. A court may also relax the first-to-file rule if the balance of equities weighs in favor of the later-filed action. While the *Alltrade* court cautioned that the respective convenience of the two courts normally "should be addressed to the court in the first filed action" rather than to the court in the later-filed action, it observed that "[i]n appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Id. at 628.*

b.  12(b)(6) standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory

James C. Mahan
U.S. District Judge

- 4 -

statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. First-to-file rule

Defendants argue that plaintiffs' action should be dismissed under the first-to-file rule because the complaint involves substantially the same issues and parties as the North Carolina case. (Doc. # 33). Furthermore, defendants claim the High Point lease dispute is central to the claims asserted therein and this action violates the prohibition against claim splitting. (*Id.*)

Plaintiffs respond that the first-to-file rule is inapplicable to the instant action because none of the defendants are the same; they are mere affiliates. Furthermore, defendants claim that there is not substantial similarly because "the elements of proof are completely different." (Doc. #36). Finally, plaintiffs argue that the first-to-file rule should not apply when plaintiffs filed the second action in response to defendants' bad faith. (*Id.*)

James C. Mahan
U.S. District Judge

- 5 -

> *i.  Chronology of the actions*

Jiangmen initiated the North Carolina suit on August 14, 2014. (Doc. #33, Exh. B). Plaintiff filed its complaint in the instant action on July 25, 2015. The complaint has since been amended. (Doc. #27). Although Ninth Circuit case law has not specifically addressed the issue, district courts have considered the initial filing date in state court of a subsequently removed action as the date of filing for purposes of the first-to-file rule. *See Global Experience Specialists*, 2014 WL 3748931 at * n. 4 (collecting cases). Therefore, the chronology factor of the first-to-file rule is satisfied.

> *ii.  Similarity of the Parties*

The parties in the North Carolina case are substantially similar to those in the instant action. Plaintiffs argue that IHFC Properties is not a party to this action and none of the defendants in this action are parties to the North Carolina litigation. (Doc. #36). However, plaintiffs themselves allege that IHFC Properties and the seven named affiliates "all operate as part of a single business enterprise with one common purpose under common control." (Doc. #27). Thus, the main difference between the parties to the two actions is that the Nevada action names seven affiliates of IHFC Properties whereas the North Carolina action is only against IHFC Properties.

Although not dispositive, the rulings in the North Carolina case are relevant to determine whether this court should apply the first-to-file rule. Jiangmen attempted to amend the North Carolina action to add several of the present defendants. (Doc. #33). The court denied their addition finding that such amendment would be futile as Jiangmen did not "allege facts sufficient to impose liability for breach of contract and other contract-based claims on parties who did not sign the contract at issue, nor did the plaintiff clearly allege that the proposed new defendants themselves committed the alleged torts." (Doc. #33, Exh. E). The North Carolina court's decision specifically discussed the failure of these allegations to demonstrate a claim for liability. (*Id.*)

In this action, plaintiffs are attempting once again to litigate against affiliated entities of IHFC Properties with respect to the same claims Jiangmen asserted in its North Carolina action. The North Carolina district court found joinder of those parties inappropriate. The first-to-file rule exists precisely to prevent a party from circumventing an adverse ruling by filing a parallel action in another forum. As the first-to-file rule does not require strict identity of the parties, the court

James C. Mahan
U.S. District Judge

- 6 -

finds this requirement satisfied.

### iii.     Similarity of the Issues

The sameness requirement does not mandate that the two actions be identical. *Diversified Metal,* 2012 WL 2872772, at *3; *Walker v. Progressive Cas. Ins. Co.,* C03–656R, 2003 WL 21056704, at *2 (W.D.Wash. May 9, 2003); *see also Pacesetter,* 678 F.2d 93, 95–96 (9th Cir. 1982) (applying the first-to-file rule where the actions differed as to the remedy sought).

The allegations in both the North Carolina action and the Nevada action are substantially similar and premised on IHFC Properties allegedly breaching its 2012 lease with Jiangmen. Indeed, defendants illustrate in their reply brief that there are a substantial number of allegations "cut and paste[d]" from the North Carolina filings. (Doc. #38). Both actions assert that: 1) IHFC Properties breached the lease by relocating Kinwai prior to the fall 2014 furniture show; 2) IHFC Properties breached the lease by failing to provide Kinwai adequate time to refit another showroom prior to the 2014 furniture show; 3) IHFC Properties failed to provide comparable showroom space when it relocated Kinwai; and 4) IHFC Properties was negligent when it moved Kinwai's furniture to the new showroom and Kinwai's furniture was damaged as a result. (Doc. #33 at 13).

The primary difference between the two actions is that the North Carolina action is against IHFC Properties, the party to the lease, whereas the Nevada action is against seven of IHFC Properties' affiliates, which were not allowed to be joined in the North Carolina action.

Nonetheless, the issues involved are substantially similar. Indeed, both the North Carolina action and the Nevada action contain claims premised on unfair and deceptive trade practices.[22] Claims three, four, five, and six in the first amended complaint rely on events that occurred in North Carolina, and the damages sought are substantially similar. (Doc. #33). Notably, the North Carolina court recently granted summary judgment in favor of IHFC Properties on all claims relating to the High Point Lease. (Doc. #38, Exh. L).

"Due to the related nature of the underlying factual disputes, the issues involved in the various claims [are] substantially similar." *Williamson v. American Mastiff Breeders Counsel*, 2009 WL 634231, * 3 (D. Nev. March 6, 2009). Therefore, the third factor of the first-to-file rule is satisfied.

**James C. Mahan**
**U.S. District Judge**

- 7 -

All three factors weigh in favor of invoking the first-to-file rule. Because "[n]either fairness considerations nor equitable concerns bar the application of the rule to the instant case," the court will apply the first-to-file rule and dismiss claims one, three, four, five, and six. *Alltrade*, 946 F.2d at 628.

B.  Failure to state a claim

Defendants move to dismiss the remaining two claims arising out of the Las Vegas lease. The court will address each in turn.

*i.   Intentional interference with prospective economic advantage*

Plaintiffs' second cause of action alleges that defendant IMC Manager interfered with negotiations between plaintiff Kinwai USA and defendants' Las Vegas affiliate, WMCV, because of the pending lease litigation in North Carolina. (Doc. #36).

In Nevada, a claim for intentional interference with prospective economic advantage requires a showing of: "1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the defendant; and, 5) actual harm to the plaintiff as a result of the defendant's conduct." *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987). "[T]he gravamen of such a cause of action is conditioned upon the wanton, malicious and unjustifiable acts of others . . ." *Crockett v. Sahara Realty Corp.*, 95 Nev. 197, 591 P.2d 1135 (1979) (quoting *George F. Hewson Co. v. Hopper*, 130 N.J.L. 525, 33 A.2d 889 (1942)). To succeed on this claim, plaintiffs must allege that defendant resorted to unlawful or improper means. *See id.*

Plaintiffs' allegations against IMC Manager are conclusory and fail to put forth sufficient facts to meet plaintiffs' burden under *Twombly* and *Iqbal*. Plaintiffs broadly assert that IMC Manager "directly and indirectly, interfered with the negotiations to continue the contractual relationship with WMCV. Such conduct was wrongful, was not motivated by a legitimate business purpose, and was intended to destroy Kinwai's relationship with WMCV." (Doc. #27). The only fact plaintiffs included to support this claim is that "On February 4, 2015, Scott Eckman sent Kinwai USA a letter on behalf of WMCV indicating that it would not renew its lease with

James C. Mahan
U.S. District Judge

- 8 -

Kinwai USA due to Kinwai China's litigation against its affiliate company in North Carolina. The letter asked Kinwai USA to vacate the premises." (Doc. #27).

Plaintiffs fail to provide any information that demonstrates how IHC Manager tortiously interfered with the Las Vegas lease. Actions complained of in a claim for intentional interference with prospective advantage must be wrongful. W. Prosser, Torts, § 130 at 951 (4th ed. 1971); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1055 (9th Cir. 2008) ("Under the Restatement, [intentional interference with prospective advantage] include[s] the element of the absence of privilege or justification. The Restatement defines this element as a requirement that a defendant's conduct be 'improper.'" (citing Restatement (Second) of Torts § 767 cmt. a (1979))). Plaintiffs do not offer any facts that indicate how IMC Manager interfered with the lease, when it did so, or how the alleged interference was wrongful and without justification. Therefore, the court dismisses plaintiffs' claim of intentional interference with prospective economic advantage.

> *ii.     Breach of good faith and fair dealing*

Plaintiffs' seventh claim for relief is likewise flawed. Plaintiffs attempt to assert a claim against WMCV premised on WMCV's breach of the covenant of good faith and fair dealing. (Doc. #27). However, the first amended compliant fails to allege that WMCV breached any contract that it had with plaintiffs. This is fatal to plaintiffs' ability to proceed.

To establish a breach of the implied covenant of good faith and fair dealing, a party must show: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *See Hilton Hotels v. Butch Lewis Prods.*, 107 Nev. 226 (1991). The implied covenant of good faith and fair dealing exists "to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Patriotic Science Corp. v. Korodi*, 504 F. Supp. 2d 952, 963–64 (S.D. Cal. 2007). Where the terms of a contract are technically complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing. *J.A.*

James C. Mahan
U.S. District Judge

- 9 -

*Jones Cons. Co. v. Leherer McGovern Bovis, Inc.*, 89 P.3d 1009 (Nev. 2004).

Plaintiffs have not alleged that WMCV performed the contract in a manner that was unfaithful to the purpose of the contract. WMCV simply chose not to renew Kinwai's lease at the end of its term. Plaintiffs allege that WMCV has a monopoly over the furniture showroom space in Las Vegas and that WMCV denied the lease renewal "as retaliation for plaintiffs asserting various claims regarding its tenancy in the IHFC building in North Carolina and for purposes of boosting its negotiating power." (Doc. #27). These arguments do not satisfy the elements of a claim for breach of the implied covenant of good faith and fair dealing.

Furthermore, the Nevada Supreme Court has specifically rejected the notion that a landlord-tenant relationship creates a special relationship that enables a party to bring a tort-based breach of covenant of good faith and fair dealing claim. *See Aluevich v. Harrah's* 99 Nev. 19 215, 660 P.2d 986 (1983); *K Mart Corp., v. Ponsock*, 103 Nev. 39, 49, 732 P.2d 1364, 1371 (1987). WMCV was under no obligation to enter into a new contract lease with Kinwai. Therefore, it cannot be held liable for a breach of covenant of good faith and fair dealing when no contract existed.

### iv. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss the amended compliant or transfer venue (doc. # 33), be and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' first motion to dismiss the complaint (doc. 21 ), be and the same hereby is, DENIED as moot.

The clerk is instructed to close the case.

DATED February 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge