1
2
3
4        UNITED STATES DISTRICT COURT
5          DISTRICT OF NEVADA
6               * * *
7  JIANGMEN KINWAI FURNITURE                    Case No. 2:15-CV-1419 JCM (PAL)
   DECORATION CO. LTD, KINWAI USA INC.,
8                                                         ORDER
                           Plaintiff(s),
9
10         v.
11  INTERNATIONAL MARKET CENTERS,
    INC., et al.,
12
                           Defendant(s).
13

14

15         Presently before the court is a motion to alter or amend judgment and order filed by

16  plaintiffs Jiangmen Kinwai Furniture Decoration Co. Ltd and Kinwai USA Inc. (collectively, as

17  "plaintiffs").  (ECF No. 49).  Defendants International Market Centers, Inc., International Market

18  Centers, LP, IMC Manager LLC, IMC OP, LP, IMC OP GP, LLC, International Market Centers

19  GP, LLC, and WMCV Phase 2 LLC (collectively, as "defendants") have filed a response (ECF

20  No. 55), to which plaintiffs replied (ECF No. 57).

21  I.      Facts

22         On February 18, 2016, the court entered an order (ECF No. 43) granting defendants'

23  motion to dismiss the amended complaint or transfer venue (ECF No. 33).  On that same day,

24  judgment in favor of defendants was entered.  (ECF No. 44).

25  . . .

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

1    On March 18, 2016, plaintiffs filed the instant motion to alter or amend judgment and order.

2   (ECF No. 49).  Two days later, on March 20, 2016, plaintiffs filed a notice of appeal, appealing

3   the underlying order (ECF No. 43) and judgment (ECF No. 44).  (ECF No. 50).[1]

4   **II.    Legal Standard**

5    A motion for reconsideration "should not be granted, absent highly unusual

6   circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

7   "Reconsideration is appropriate if the district court (1) is presented with newly discovered

8   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

9   an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263

10  (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no

11  later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

12    Rule 59(e) "permits a district court to reconsider and amend a previous order," however

13  "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

14  conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

15  (internal quotations omitted).  A motion for reconsideration "may not be used to raise arguments .

16  . . for the first time when they could reasonably have been raised earlier in litigation."  *Kona*

17  *Enters., Inc.*, 229 F.3d at 890.

18  **III.   Discussion**

19    As an initial matter, plaintiffs have not presented the court with any newly discovered

20  evidence or any intervening change in controlling law—nor do they argue these points.  (ECF No.

21  49).  By contrast, plaintiffs merely argue that reconsideration is appropriate to "prevent manifest

22  injustice and correct clear errors of law and clearly erroneous factual findings."  (ECF No. 49 at

23  29).  In support, plaintiffs list seven (7) issues.  (ECF No. 49 at 9–10).  The court will address each

24  in turn.

25

26

27

28
    [1]  The Ninth Circuit noted that the notice of appeal (ECF No. 50) was filed during the
    pendency of a timely filed motion and held that "appellate proceedings other than mediation shall
    be held in abeyance pending the district court's resolution of the pending motion."  (ECF No. 58).

**James C. Mahan**
**U.S. District Judge**

1               *(1) Whether the court erred in basing a great part of its decision on impermissible*

2                           *hearsay, to wit, Judge Eagles' prior orders.*

3        Contrary to plaintiffs' assertion, the court did not base "a great part of its decision on

4 impermissible hearsay." (*See* ECF No. 49 at 9). Rather, the court held that the first-to-file rule

5 applied. (ECF No. 43). The "first-to-file" rule is a doctrine of federal comity that permits a district

6 court to decline jurisdiction over an action when a complaint involving the same parties and issues

7 has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94–

8 95 (9th Cir. 1982) (citing *Church of Scientology of Ca. v. U.S. Dep't of the Army*, 611 F.2d 738,

9 749 (9th Cir. 1979)); *see also Olin Corp. v. Cont'l Cas. Co.,* 2011 WL 1337407, at *2 (D. Nev.

10 Apr. 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of duplication,

11 to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal

12 resolution of issues that call for a uniform result").

13        Generally, sound judicial administration would indicate that when two identical actions are

14 filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the

15 lawsuit and a second action would not serve any purpose. *Id.* However, the first-to-file rule is not

16 a rigid or inflexible rule to be mechanically applied but rather is to be applied with a view to the

17 dictates of sound judicial administration. *Id.* The purpose of the rule is to promote efficiency and

18 to avoid duplicative litigation, and, thus, it should not be lightly disregarded. *Alltrade, Inc. v.*

19 *Uniweld Prod., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991).

20        When applying the first-to-file rule, courts look to three threshold factors: "(1) the

21 chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."

22 *Global Experience Specialists, Inc. v. Cunniffe*, 2:14-cv-00421-JCM-NJK, 2014 WL 3748931, at

23 *4 (D. Nev. July 30, 2014) (quoting *Nesbit v. Fornaro*, 2011 WL 1869917, at *2 (D. Nev. Mar.

24 31, 2011)). "[T]he first-to-file rule does not require strict identity of the parties, but rather

25 substantial similarity." *Id.* (quoting *Nesbit*, 2011 WL 1869917, at *3). Likewise, the sameness

26 requirement does not mandate that the two actions be identical; it is satisfied if they are sufficiently

27 similar. *Id.*

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Even if the threshold factors of the first-to-file rule are satisfied, the district court retains discretion to disregard the rule in the interests of equity. *Alltrade*, 946 F.2d at 622, 625. The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping. *Id.* at 628. A court may also relax the first-to-file rule if the balance of equities weighs in favor of the later-filed action. While the *Alltrade* court cautioned that the respective convenience of the two courts normally "should be addressed to the court in the first filed action" rather than to the court in the later-filed action, it observed that "[i]n appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Id. at 628.*

The court here applied the first-to-file rule and dismissed claims one, three, four, five, and six, finding that the factors weighed in favor of invoking the rule. (ECF No. 43 at 5–8). Therefore, plaintiffs' first argument fails.

> ### *(2) Whether the case law supports that the denial of leave to amend is with prejudice to file another complaint; & (7) whether it was error for this court not to allow leave to amend the complaint in the case of the Nevada claims.*

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If the pleading is one to which a responsive pleading is required, the party may also amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B).

Otherwise, a party may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." *Id.* "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**James C. Mahan**
**U.S. District Judge**

On September 11, 2015, plaintiffs filed an amended complaint.  (ECF No. 27).   On September 28, 2015, defendants filed a motion to dismiss the amended complaint.  (ECF No. 33). On October 10, 2015, plaintiffs filed a response (ECF No. 36), to which defendants replied (ECF No. 38) on October 26, 2015.  The court granted defendants' motion to dismiss on February 18, 2016.  (ECF No. 43).

Plaintiffs failed to seek leave to amend at any point before the court ruled on the motion to dismiss.  The court finds that this constitutes undue delay.  Further, the instant case is now closed, and plaintiffs have appealed to the Ninth Circuit.  (ECF No. 50).  Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal.  *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  Plaintiffs have sought appellate review of the court's ruling on defendants' motions to dismiss.

As a result, the court finds that it would be improper to grant leave to amend at this time. In light of the foregoing, plaintiffs will not be afforded leave to amend their complaint and these arguments fall short of showing that the court's decision was manifestly unjust.

> *(3) Whether the defendants should have been estopped from claiming that they were similar parties for purposes of the first to file rule such that it should not be subject to suit in Nevada after they successfully argued that they were separately managed entities from IHFC Properties without any business activity in High Point, North Carolina in order to avoid being subject to suit in the North Carolina Middle District (NCMD).*

In considering and weighing the factors for the first-to-file rule, the court applied the rule because "[n]either fairness considerations nor equitable concerns bar the application of the rule to the instant case."  (ECF No. 43 at 8).  Therefore, the court finds that no clear error was committed in applying the first-to-file rule and the initial decision was not manifestly unjust.

James C. Mahan
U.S. District Judge

*(4) Whether the court erred in finding that Kinwai's amended complaint disobeyed Judge Eagles' order by failing to remove the two IMC entities as additional defendants.*

Plaintiffs' fourth issue emphasizes a technicality that does not alter the court's ultimate conclusions reached. The court stated: "Jiangmen ignored the court's orders and filed the amended complaint with additional defendants, which was then struck from the record." The underlying facts are correct and at most only harmless error resulted, if any. Accordingly, the court finds no clear error was committed and its initial decision was not manifestly unjust.

*(5) Whether it was clear error for this court to find that there was no contract between Kinwai U.S.A. and WMCV to support a breach of the implied covenant of good faith and fair dealing, and that there can be no tort of breach of good faith and fair dealing in a landlord-tenant relationship.*

Contrary to plaintiffs' misstatement, the court dismissed plaintiffs' seventh claim for breach of good faith and fair dealing based on its finding that plaintiffs failed to allege that WMCV breached any contract that it had with plaintiffs. (ECF No. 43 at 9). In particular, the court held, in relevant part:

> Plaintiffs have not alleged that WMCV performed the contract in a manner that was unfaithful to the purpose of the contract. WMCV simply chose not to renew Kinwai's lease at the end of its term. Plaintiffs allege that WMCV has a monopoly over the furniture showroom space in Las Vegas and that WMCV denied the lease renewal "as retaliation for plaintiffs asserting various claims regarding its tenancy in the IHFC building in North Carolina and for purposes of boosting its negotiating power." (Doc. #27). These arguments do not satisfy the elements of a claim for breach of the implied covenant of good faith and fair dealing.

(ECF No. 43 at 10). Accordingly, the court finds that no clear error was committed in dismissing plaintiffs' seventh claim for failure to state a claim and the initial decision was not manifestly unjust.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

*(6) Whether the court erred in failing to consider all of plaintiffs' allegations in support of its claim for tortious interference as set forth in the amended complaint*

The court dismissed plaintiffs' second cause of action for intentional interference with prospective economic advantage for failure to state a claim. (ECF No. 43). The court ruled, in relevant part:

> Plaintiffs fail to provide any information that demonstrates how IHC Manager tortiously interfered with the Las Vegas lease. Actions complained of in a claim for intentional interference with prospective advantage must be wrongful. W. Prosser, Torts, § 130 at 951 (4th ed. 1971); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1055 (9th Cir. 2008) ("Under the Restatement, [intentional interference with prospective advantage] include[s] the element of the absence of privilege or justification. The Restatement defines this element as a requirement that a defendant's conduct be 'improper.'" (citing Restatement (Second) of Torts § 767 cmt. a (1979))). Plaintiffs do not offer any facts that indicate how IMC Manager interfered with the lease, when it did so, or how the alleged interference was wrongful and without justification. Therefore, the court dismisses plaintiffs' claim of intentional interference with prospective economic advantage.

(ECF No. 43 at 8–9). Thus, the court finds that no clear error was committed and its initial decision was not manifestly unjust.

In sum, plaintiffs' motion falls woefully short of showing that the court's decision was manifestly unjust such that reconsideration is warranted. Accordingly, plaintiffs' motion to reconsider will be denied.

## IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to alter or amend judgment and order (ECF No. 49) be, and the same hereby is, DENIED.

DATED September 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -