UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIANGMEN KINWAI FURNITURE DECORATION CO. LTD, KINWAI USA INC., <br><br>Plaintiff(s), <br><br>v. <br><br>INTERNATIONAL MARKET CENTERS, INC., et al., <br><br>Defendant(s). | Case No. 2:15-CV-1419 JCM (PAL) <br><br>ORDER |

Presently before the court is a motion for attorney's fees and costs filed by defendants International Market Centers, Inc., International Market Centers, LP, IMC Manager LLC, IMC OP, LP, IMC OP GP, LLC, International Market Centers GP, LLC and WMCV Phase 2 LLC (collectively, as "defendants"). (ECF Nos. 45). Plaintiffs Jiangmen Kinwai Furniture Decoration Co. LTD ("Jiangmen") and Kinwai USA Inc. ("Kinwai" and collectively with Jiangmen, as "plaintiffs") filed a response (ECF No. 54), to which defendants replied (ECF No. 56).

**I.     Facts**

In October 2012, plaintiff Jiangmen and IHFC Properties entered into a lease for showroom space in High Point, North Carolina (the "High Point lease"). (ECF No. 33). Jiangmen manufactures and sells furniture and entered into the High Point lease to participate in the High Point Furniture Market, the largest furnishings trade show in the world. (ECF No. 33).

In the instant action, plaintiffs claim IHFC Properties. LLC breached its lease in August 2014 when it relocated Jiangmen to a different showroom prior to the fall 2014 furniture show. (ECF No. 27). Plaintiffs also allege that defendants did not provide Jiangmen adequate time to

**James C. Mahan**
**U.S. District Judge**

refit the new showroom and that Jiangmen's furniture was damaged during transport to the new showroom location. (ECF No. 27). Plaintiffs further allege that defendants' actions were motivated by a desire to benefit Jiangmen's competitor, Zuo Modern Contemporary, Inc. (ECF No. 27).

The High Point lease is currently under dispute and being litigated in the U.S. District Court for the Middle District of North Carolina in the matter of *Jiangmen Kinwai Furniture v. IHFC Properties et al.*, case no. 1:14-CV-00689 (M.D.N.C. Aug. 14, 2014) (the "North Carolina action"). Jiangmen moved to amend its complaint in the North Carolina action to include additional facts and to join International Market Centers, LP and International Market Centers, Inc. as defendants. (*See* ECF No. 33, Exh. C). The North Carolina court granted Jiangmen's request to add additional facts, but denied the joinder of the IHFC affiliated entities as defendants, finding that Jiangmen failed to adequately state a claim for liability or show that the affiliates committed any of the alleged torts. (ECF No. 33, Exh. E). Jiangmen ignored the North Carolina court's orders and filed the amended complaint with additional defendants, which was later struck from the record. (ECF No. 33, Exh. G).

Several of Jiangmen's litigation tactics have come under fire in the North Carolina action. (ECF No. 33). Jiangmen sought discovery regarding the IHFC properties that plaintiffs are again suing in this case. During the discovery process, the North Carolina court found that Jiangmen was acting in bad faith with the purpose of harassing the IHFC properties. (ECF No. 33, Exh. I).

The North Carolina court granted summary judgment in favor of the IHFC properties finding that the IHFC properties did not breach the terms of the High Point lease when it relocated Jiangmen to a different showroom. (ECF No. 38, Exh. L). Summary judgment was also entered in the IHFC properties favor on Jiangmen's claims for constructive eviction, breach of the duty of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and civil conspiracy. (ECF No. 38, Exh. L).

Independent of the High Point lease dispute, plaintiffs also assert two claims against World Market Center and its affiliates. Plaintiff Kinwai, an affiliate of Jiangmen, entered into a lease for space in the World Market Center in Las Vegas, Nevada (the "Las Vegas lease"). The Las Vegas

**James C. Mahan**
**U.S. District Judge**

lease was between Kinwai and WMCV Phase 2, LLC ("WCMV").  (ECF No. 27).  Plaintiffs allege that WCMV refused to renew its lease with Kinwai because of the pending North Carolina litigation and thus engaged in unfair and deceptive trade practices and breached the covenant of good faith and fair dealing.  (ECF No. 27).

Based on the foregoing, defendants filed a motion to dismiss or, in the alternative, motion to transfer venue.  (ECF No. 33).  The court granted defendants' motion and entered judgment in their favor on February 18, 2016.  (ECF Nos. 43, 44).

Subsequently, on March 18, 2016, plaintiffs filed a motion to amend or correct the February 18th order and judgment (ECF No. 49), followed by a notice of appeal two days later (ECF No. 50).  The court subsequently denied plaintiffs' motion to amend or correct the order and judgment. (ECF No. 61).  The appeal is currently pending before the Ninth Circuit.  (*See* ECF Nos. 65, 66).

On March 3, 2016, defendants filed the instant motion requesting attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Nevada Revised Statute § 18.010(2).  (ECF No. 45).

## II.     Legal Standard

Under the "American Rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award.  *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999).  Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court.  *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999); *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31.  Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract."  *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

James C. Mahan
U.S. District Judge

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999) (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

Further, Local Rule 54-16 provides additional requirements for motions for attorney's fees. LR 54-16(b). Under Local Rule 54-16(b), a motion for attorney's fees and costs must also include the following components:

1. A reasonable itemization and description of the work performed;
2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
3. A brief summary of the following:
   A. The results obtained and the amount involved;
   B. The time and labor required;
   C. The novelty and difficulty of the questions involved;
   D. The skill requisite to perform the legal service properly;
   E. The preclusion of other employment by the attorney due to acceptance of the case;
   F. The customary fee;
   G. Whether the fee is fixed or contingent;
   H. The time limitations imposed by the client or the circumstances;
   I. The experience, reputation, and ability of the attorney(s);
   J. The undesirability of the case, if any;
   K. The nature and length of the professional relationship with the client;
   L. Awards in similar cases; and,
4. Such other information as the Court may direct.

LR 54-16(b).

Moreover, a motion for attorney's fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to

James C. Mahan
U.S. District Judge

- 4 -

provide the documentation required by LR 54-16(b) and (c) in a motion for attorney's fees "constitutes a consent to the denial of the motion." LR 54-16(d).

With respect to costs, a prevailing party is entitled to nontaxable costs and expenses unless a federal statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(1); LR 54-1. The movant must itemize "all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15." LR 54–16(b)(2).

### III.  Discussion

In the instant motion, defendants request attorney's fees in the amount of $48,516.00 and costs in the amount of $1,471.83. (ECF No. 45).[1] Defendants assert that they prevailed on plaintiffs' claims for intentional interference with prospective economic advantage and breach of good faith and fair dealing. (ECF No. 45 at 6). Defendants argue that, as the prevailing party, they are entitled to attorney's fees and costs pursuant to Rule 54(d) and NRS 18.010(2). (ECF No. 45).

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010. Section 18.010 of the Nevada Revised Statutes provides, in relevant part:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
>
> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
>    (a) When the prevailing party has not recovered more than $20,000; or
>
>    (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing

---

[1] On March 8, 2016, defendants filed an erratum to their motion for attorney's fees, wherein defendants request that the court strike the redacted version of Exhibit A to the Kara Hendricks affidavit that was inadvertently filed with their motion for attorney's fees (ECF No. 45, Exh. A) and replace it with the redacted version of Exhibit A attached to their errata (ECF No. 47, Exh. A). The court construes defendants' "errata" as a motion to amend/correct their motion for attorney's fees and will grant defendants' motion to amend/correct. However, future filings that fail to comply with the Local Rules and the Federal Rules of Civil Procedure will be stricken. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); LR IC 7-1 ("The court may strike documents that do not comply with these rules."); *see also* Fed. R. Civ. P. 7, 15; LR 15-1; LR IC 2-2(b).

**James C. Mahan**
**U.S. District Judge**

- 5 -

party was brought or maintained without reasonable ground or to harass the prevailing party. . ..

3. In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.

4. Subsections 2 and 3 do not apply to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees.

Nev. Rev. Stat. § 18.010.

Defendants contend that plaintiffs had no reasonable grounds to file suit in Nevada and it appears that they did so as a willful attempt to avoid the North Carolina rulings. (ECF No. 45 at 6).

The court disagrees. Under Nevada law, a claim is groundless if "the allegations in the complaint . . . are not supported by any credible evidence at trial." *Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993) (citation omitted). Here, the case did not proceed to trial. Rather, the instant case was resolved pursuant to an order granting defendants' Rule 12(b)(6) motion to dismiss. Because no contract, rule, or statute authorizes attorney's fees otherwise, the court will deny defendants' motion for attorney's fees and costs.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for attorney's fees and costs be, and the same hereby is, DENIED.

DATED November 8, 2016.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -